IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

JERMAIN D. LEWIS                                                                                    PLAINTIFF

v.                                            Civil No. 4:17-cv-04052

BRANDON KENNEMORE, Ashdown
Police Department; SHERIFF BOBBY
WALRAVEN, Little River County,
Arkansas; and AYERS CLEANERS                                                              DEFENDANTS

## ORDER

Before the Court is Defendant Ayers Cleaners'[1] Motion to Dismiss. (ECF No. 10). Plaintiff has filed a response. (ECF No. 20). The Court finds this matter ripe for consideration.

## I. BACKGROUND

Plaintiff filed his Complaint pursuant to 42 U.S.C. § 1983 on July 6, 2017. (ECF No. 1). In addition to Ayers Cleaners, Plaintiff has named Brandon Kennemore, an officer with the Ashdown Police Department, and Bobby Walraven, Sheriff of Little River County, as defendants in this lawsuit. Plaintiff alleges Defendants Kennemore and Walraven violated his Fourth Amendment rights on November 20, 2016, when they conducted a warrantless search "then kidnaped me and took me without permission to the Little River Co. Jail." (ECF No. 1, p. 3). The only reference to Defendant Ayers Cleaners in Plaintiff's Complaint is "the cleaner was broken into and the only item missing were mine things, and so I had to be the culprit." (ECF No. 1, p. 3). Plaintiff is seeking damages from Defendant Ayers Cleaners "for lost of property, of 15,000, $20,000 for fake claim, $100,000 for emotional distress, $50,000 for intentional infliction of emotion distress, punitive damages of $200,000.00, Compensatory of $200,000.00." (ECF No. 1,

---

[1] Defendant Ayers Cleaners is now known as Ayers Cleaners & Laundry, LLC.

1

p. 4).

On August 26, 5027, Defendant Ayers Cleaners filed a Motion to Dismiss, arguing that this Court lacks subject matter jurisdiction and that Plaintiff failed to state a claim upon which relief can be granted. (ECF No. 10). On September 14, 2017, Defendant Ayers Cleaners filed a Supplement (ECF No. 14) to the Motion to Dismiss stating Plaintiff's Complaint should also be dismissed because it is not a state actor as required by 42 U.S.C. § 1983. On October 26, 2017, Plaintiff filed a Response to Defendant Ayers Cleaner's Motion to Dismiss. (ECF No. 20). In part, Plaintiff's Response states that "everyone at Ayers Cleaners informed and told the Police that I 'Jermain D. Lewis' was t[he] one who did the Break in Cause he came to the store yesterday." The Response further states "[t]he Defendant damage the Plaintiff reputation and character by slander the Plaintiff name and family by telling law enforcement false claim and statement about the Plaintiff." (ECF No. 20).[2]

## II. APPLICABLE LAW

Rule 8(a) contains the general pleading rules and requires a complaint to present "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "In order to meet this standard, and survive a motion to dismiss under Rule 12(b)(6), 'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Braden v. Wal–Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations omitted)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S.

---
[2] The Court notes that although Plaintiff's Response to Defendant Ayers Cleaner's Motion to Dismiss mentions "slander," the Plaintiff's Complaint does not assert a state claim and asserts only claims under 42 U.S.C. § 1983.

at 678. While the Court will liberally construe a *pro se* plaintiff's complaint, the plaintiff must allege sufficient facts to support his claims. *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

### III. DISCUSSION

Section 1983 provides a federal cause of action for the deprivation, under color of law, of a citizen's "rights, privileges, or immunities secured by the Constitution and laws" of the United States. In order to state a claim under 42 U.S.C. § 1983, a plaintiff must allege that each defendant acted under color of state law and that he or she violated a right secured by the constitution. *West v. Atkins,* 487 U.S. 42 (1988); *Dunham v. Wadley*, 195 F.3d 1007, 1009 (8th Cir.1999). The deprivation must be intentional; mere negligence will not suffice to state a claim for deprivation of a constitutional right under § 1983. *Daniels v. Williams*, 474 U.S. 327 (1986); *Davidson v. Cannon*, 474 U.S. 344 (1986).

To determine the presence of state action, a court must examine the "record to determine whether 'the conduct allegedly causing the deprivation of a federal right [is] fairly attributable to the State.'" *Montano v. Hedgepeth,* 120 F.3d 844, 848 (8th Cir. 1997) (quoting *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982)). There can be no "fair attribution" unless the alleged constitutional violation was "caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible." *Lugar*, 457 U.S. at 937. In addition, "the party charged with the deprivation must be a person who may fairly be said to be a state actor. This may be because he is a state official, because he has acted together with or has obtained significant aid from state officials, or because his conduct is otherwise chargeable to the State." *Id.*; *see also Roudybush v. Zabel*, 813 F.2d 173, 176-77 (8th Cir. 1987).

The facts set forth in Plaintiff's Complaint do not support any plausible cause of action for relief under 42 U.S.C. § 1983 against Defendant Ayers Cleaners. Plaintiff has not alleged any facts showing Defendant Ayers Cleaners was acting under color of state law during any of the events on which this lawsuit is based. According to the records of the Arkansas Secretary of State, Ayers Cleaners & Laundry LLC, formerly Ayers Cleaners, is a limited liability corporation located in De Queen, Arkansas. The registered agent for service is listed as Brian E. Roberts, CPA.[3] Thus, it appears that Defendant Ayers Cleaners is a privately owned business which is open to the public and is not directly owned, funded, or operated by any federal, state, or local governments. Accordingly, the Court finds that Defendant Ayers Cleaners is not a state actor. For this reason, the Court finds Plaintiff has failed to plead an actionable § 1983 claim against Defendant Ayers Cleaners.

Even if the Court assumes, for purposes of this motion, that Defendant Ayers Cleaners was somehow acting under color of state law, Plaintiff has failed to allege sufficient facts for this Court to draw any reasonable inference that Defendant Ayers Cleaners engaged in any unlawful activity for which it should be held responsible under 42 U.S.C. § 1983. Plaintiff only mentions the phrase "lost property" in association with Defendant Ayers Cleaners and asks for damages for a "fake claim". (ECF No. 1). Giving Plaintiff's words the most liberal interpretation, at most the allegations could possibly be construed as claims for conversion and slander or defamation.

The Supreme Court has held that an unauthorized, even intentional, deprivation of property

---

[3] In deciding Rule 12(b) motions, courts are not strictly limited to the four corners of complaints. *Outdoor Cent., Inc. v. GreatLodge.com, Inc.*, 643 F.3d 1115, 1120 (8th Cir. 2011). "While courts primarily consider the allegations in the complaint in determining whether to grant a Rule 12(b)(6) motion, courts additionally consider 'matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public records, orders, items appearing in the records of the case, and exhibits attached to the complaint whose authenticity is unquestioned;' without converting the motion into one for summary judgment." *Miller v. Redwood Toxicology Lab., Inc.*, 688 F.3d 928, 931, n.3 (8th Cir. 2012) (quoting 5B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* §1357 (3d ed. 2004)).

by a state or county employee does not amount to a violation of a constitutional right so long as a meaningful post-deprivation remedy for the loss is available. *Hudson v. Palmer,* 468 U.S. 517 (1984). Arkansas law provides a post-deprivation remedy for a loss of property in the form of an action for the tort of conversion. *See Brown v. Blake,* 161 S.W.3d 298, 305 (Ark. App. 2004). Because there exists a meaningful post-deprivation remedy for Plaintiff's alleged loss, Plaintiff does not have a valid federal claim under 42 U.S.C. § 1983.

Likewise, Plaintiff's mention of a "fake claim" is not actionable under § 1983. *See Underwood v. Pritchard,* 638 F.2d 60, 62 (8th Cir. 1981) ("[D]efamation, per se, is not actionable under section 1983."). "[A] defamed person has not been deprived of any right, privilege or immunity secured to him by the Federal Constitution or laws of the United States." *Ellinburg v. Lucas*, 518 F.2d 1196, 1197 (8th Cir. 1975) (citations omitted). *See also Waller v. Rice*, 1:15-cv-01010, 2015 WL 2227799, *2 (W.D. Ark. May 12, 2015) ("Slander is not a cognizable claim under section 1983.").

## IV. CONCLUSION

In the present case, Plaintiff has failed to state facts to support any claim against Defendant Ayers Cleaners under 42 U.S.C. § 1983. Accordingly, Defendant Ayers Cleaners' Motion to Dismiss (ECF No. 10) should be and hereby is **GRANTED** and Plaintiff's claims against Defendant Ayers Cleaners are **DISMISSED WITH PREJUDICE.**

**IT IS SO ORDERED**, this 28th day of November, 2017.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge

5