IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

JERMAIN D. LEWIS                                                            PLAINTIFF

v.                              Civil No. 4:17-cv-04052

BRANDON KENNEMORE, Ashdown
Police Department; and SHERIFF BOBBY
WALRAVEN, Little River County,
Arkansas                                                       DEFENDANTS

**ORDER**

Plaintiff Jermain D. Lewis filed this 42 U.S.C. § 1983 action *pro se* and *in forma pauperis* on July 6, 2017. (ECF No. 1). Before the Court is a Motion to Dismiss filed by Defendants. (ECF No. 42). Plaintiff has not responded to the motion and the time to do so has passed. The Court finds this matter ripe for consideration.

On March 20, 2018, the Court granted Defendants' Motion to Compel directing Plaintiff to provide Defendants with discovery responses by Wednesday, April 11, 2018. (ECF No. 38). In this order Plaintiff was advised that failure to comply with the order would result in the dismissal of this case. Counsel for Defendants represent that Plaintiff has not provided responses to the discovery requests. (ECF No. 42, p. 1). In addition, counsel states that they have attempted on two separate occasions to take Plaintiff's deposition and Plaintiff has failed to appear. *Id.* at p. 2. On May 4, 2018, the Court entered an order directing Plaintiff to respond to Defendants' Motion to Dismiss by May 25, 2018. (ECF No. 44). Plaintiff was again advised that failure to timely and properly comply with the order would result in the dismissal of this action. To date, Plaintiff has not responded to the Court's order.

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). Local Rule 5.5(c)(2) states in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the ground that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating that the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

Plaintiff has failed to obey two orders of the Court and has failed to prosecute this case. Therefore, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), the Court finds that this case should be dismissed. Accordingly, Defendant's Motion to Dismiss (ECF No. 42) is **GRANTED.** Plaintiff's Complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**, this 1st day of June, 2018.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge